1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ERICK MIKITEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERICK MIKITEN,

    Plaintiff,

    v.

HEADLANDS VENTURES, LLC dba
MIKE'S BIKES; PHILIP L. OHAY,

    Defendants.

CASE NO.
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)**

DEMAND FOR JURY TRIAL

Plaintiff ERICK MIKITEN complains of Defendants HEADLANDS VENTURES, LLC dba MIKE'S BIKES; PHILIP L. OHAY, and each of them, and alleges as follows:

1.    **INTRODUCTION:**  This case involves a dangerous path of travel from disabled parking to a front entrance that needlessly puts disabled persons in harms way.  This and other barriers to disabled access prevented and continue to prevent disabled Plaintiff ERICK MIKITEN from fully accessing the Mike's Bikes located at 1824 University Avenue, Berkeley, California. Instead of using the accessible entrance to the store, which is closest to the designated accessible parking, Defendants keep it locked during business hours.  Defendants require disabled persons such as Plaintiff to enter the store using a path of travel down a driveway heading into oncoming

1

1  traffic where they are at risk of being hit by cars.

2  2.  Defendants denied disabled Plaintiff ERICK MICKITEN accessible public

3  facilities, including a compliant accessible path of travel from the accessible parking to the

4  entrance of Mike's Bikes.  Plaintiff ERICK MICKITEN is a "person with a disability" or

5  "physically handicapped person" who has uses a wheelchair for mobility.  He is unable to use

6  portions of public facilities which are not accessible to mobility disabled persons.  On or about

7  September 12, 2021. Plaintiff was denied his rights to full and equal access at Mike's Bikes.  He

8  was denied his civil rights under both California law and federal law, and continues to have his

9  rights denied, because these facilities were not, and are not now, properly accessible to physically

10  disabled persons, including those who use assistive devices for mobility.

11  3.  Plaintiff seeks injunctive relief to require Defendants to make these facilities

12  accessible to disabled persons and to ensure that any disabled person who attempts to patronize

13  the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of

14  damages for his discriminatory experiences and denial of access and of civil rights, which denial

15  is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff

16  also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under

17  federal and state law.

18  4.  **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC

19  section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC

20  sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action

21  arising from the same facts are also brought under California law, including but not limited to

22  violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,

23  54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building

24  Code.

25  5.  **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

26  founded on the fact that the real property which is the subject of this action is located in this

27  district and that Plaintiff's causes of action arose in this district.

28  6.  **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as

2

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    the real property which is the subject of this action is located in this intradistrict and Plaintiff's

2    causes of action arose in this intradistrict.

3       7.    **PARTIES:**   Plaintiff is a qualified physically disabled person.  He has been

4    diagnosed with osteogenesis imprefecta, also known as brittle bones disease.  His disability

5    affects his ability to ambulate and creates a very serious risk of injury should he fall.  He is unable

6    to use portions of public facilities which are not accessible to mobility disabled persons, including

7    those who require the use of a wheelchair.  Plaintiff is entitled by permit from the State of

8    California to park any vehicle which he drives or is transported in, in a designated and properly

9    configured disabled accessible parking space.  Plaintiff is also an architect who has been

10   appointed to the California State Building Standards Commission, and he has intimate knowledge

11   of the regulations and standards surrounding accessible facilities under the California Building

12   Code.

13      8.    Defendants HEADLANDS VENTURES, LLC dba MIKE'S BIKES; PHILIP L.

14   OHAY, are and were the owners, operators, lessors and/or lessees of the subject business,

15   property and buildings at all times relevant to this Complaint.  Plaintiff is informed and believes

16   Defendants performed all acts and omissions stated herein which proximately caused the damages

17   complained of. Plaintiff is informed and believes that each of the Defendants herein is the agent,

18   employee, or representative of each of the other Defendant, and each performed all acts and

19   omissions stated herein within the scope of such agency or employment or representative capacity

20   and is responsible in some manner for the acts and omissions of the other Defendants in

21   proximately causing the damages complained of herein.

22      9.    Mike's Bikes is a place of "public accommodation" and "business establishment"

23   subject to the requirements of multiple categories of 42 USC section 12181(7)(E) of the

24   Americans with Disabilities Act of 1990, including a sales establishment; of California Health &

25   Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California

26   Civil Code sections 54 *et seq.*  On information and belief, Mike's Bikes and its facilities were

27   built after July 1, 1970, and since then have undergone construction and/or "alterations, structural

28   repairs, or additions," subjecting each such facility to disabled access requirements per Health &

1   Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January

2   26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities

3   Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the

4   California State Architect's Regulations, also known as the California Building Code.  Further,

5   irrespective of the alteration history, such premises are subject to the "readily achievable" barrier

6   removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by

7   the ADA. 42 USC § 12181(9).

8

9                                   **FIRST CAUSE OF ACTION:**
                                   **DAMAGES AND INJUNCTIVE RELIEF**

10   **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
                                   **PUBLIC ACCOMMODATION**

11                    **(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

12          10.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

13   the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein

14   by reference as if separately repled hereafter.

15          11.     Plaintiff ERICK MICKITEN and other similarly situated physically disabled

16   persons who are unable to use public facilities on a "full and equal" basis unless each such facility

17   is in compliance with the provisions of California Health & Safety Code sections 19955 -19959.

18   Plaintiff is a member of that portion of the public whose rights are protected by the provisions of

19   Health & Safety Code sections 19955 *et seq.*  Further, Plaintiff is also protected against policy

20   and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the

21   "Disabled Persons Act."  "Individuals with disabilities or medical conditions have the same right

22   as the general public to the full and free use of the streets, highways, sidewalks, walkways, public

23   buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities,

24   and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be

25   entitled to full and equal access, as other members of the general public, to accommodations,

26   advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places

27   to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the

28   ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also

                                                    4

1    incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

2        12.    Title 24, California Code of Regulations, formerly known as the California

3    Administrative Code and now also known as the California Building Code, was in effect at the

4    time of each alteration which, on information and belief, occurred at such public facility since

5    January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

6    each such "alteration, structural repair or addition" was carried out.  On information and belief,

7    Defendants and/or their predecessors in interest carried out new construction and/or alterations,

8    structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

9    been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

10   structural repairs, and/or additions which triggered access requirements at all relevant portions

11   Mike's Bikes, also occurred between July 1, 1970, and December 31, 1981, and required access

12   pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to

13   the incorporated provisions of California Government Code sections 4450 *et seq*.  Further, on

14   information and belief, additions to the building after the initial construction also occurred after

15   January 1, 1972, triggering access requirements per Health and Safety Code section 19959.

16   Alterations or additions after January 26, 1993, trigger ADA liability and requirements per 42

17   USC sections 12182 and 12183 of the ADA.

18       13.    **FACTUAL STATEMENT**:  On September 12, 2021, Plaintiff went to the Mike's

19   Bikes located at 1824 University Avenue in Berkeley, California, to inquire about getting a

20   wheelchair tire repaired.  He had been to this location a number of times when it was a different

21   bicycle shop known as Performance Bikes, but he had not had the need for any services since the

22   store had changed ownership.

23       14.    From his prior visits, Plaintiff knew that there was a small parking lot located at

24   the back of the building with designated accessible parking spaces and an accessible entrance.

25   Relying on the availability of accessible parking and entrance, he drove down University Avenue

26   and turned onto the narrow driveway which leads to the parking lot.  He parked his car, unloaded

27   his wheelchair from the car and approached the entrance to Mike's Bikes at the rear of the

28   building.  As he approached the doors, Plaintiff noticed that there was a locked gate across the

interior of the doorway, and there was a sign indicating that store patrons should use the front entrance.  True and correct photographs of the accessible entrance to the store (from both outside and inside of the shop) from September 12, 2021, are below:



COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

15.     Plaintiff considered trying to push himself around the building to the front entrance, but there was no pedestrian path in the narrow vehicular way leading to the front of the entrance.  Plaintiff was worried he might be hit by a car.  Plaintiff decided it was too risky to travel via wheelchair in the vehicular way because it is difficult for drivers to see him due to how low to the ground he is in his wheelchair. The fact that cars turned right into the driveway increased the risks because there was no way for a driver to see past the corner of the  building and down the driveway before turning.  Even had he used the route, it also appeared to have dangerous and excessive cross-slopes that created a hazard for Plaintiff tipping over in his wheelchair.  A true and correct photograph of the path of travel from the accessible parking space to the front entrance of Mike's Bikes from September 12, 2021, is below:



16.     Plaintiff loaded his wheelchair and himself back into the car, and he drove out of the parking lot on to University Avenue to see is he could find a parking spot on the street which would allow him to unload and have a safe path of travel to the front entrance of the store.  Due to the amount of traffic on the street and the available parking on University Avenue, Plaintiff immediately determined that he could not safely unload himself, his wheelchair, and the wheels he needed repaired. He returned to the parking lot at the back of the building to park in the designated accessible parking space.

17.     When he got out of his car, he noticed another entrance in the back of the building which had a sign designating it as an employee entrance. Plaintiff decided that the employee

entrance was the only way he could safely get himself and the equipment he needed repaired

inside the shop, so went through the door.  After entering, he wheeled himself through a small

work area towards the customer service counter.  There were two bikes blocking Plaintiff from

leaving the work area, but a mechanic moved them for him so that he could get to the customer

area.  Plaintiff got in line behind the other customers and waited to be served. A true and correct

photograph of the employee entrance that Plaintiff used to enter Mike's Bikes on September 12,

2021, is below:



18.     When it was Plaintiff's turn to discuss his needs with a mechanic, he explained

that he needed the inner tubes of some rear wheelchair wheels replaced.  He also explained that

he would then like to put the repaired wheels on his chair and leave the wheels currently on his

chair at the shop for them to replace the push rims on them.  The mechanic took the wheels to the

work area to replace the inner tubes.  While the mechanic worked on his wheels, Plaintiff decided

to head back to his car to retrieve the replacement push rims that he was unable to carry on his

initial trip into the store.  Plaintiff reentered Mike's Bikes through the employee entrance, but an

employee blocked his way and told Plaintiff he had to go around to the street entrance.  Plaintiff

informed the employee that there was no accessible path of travel from the accessible parking

space to the front entrance and that it is not safe for him to travel down the narrow vehicular way that leads to the front entrance in his wheelchair.

19.     A manager then approached Plaintiff and the employee to discuss the situation. The manager also told Plaintiff that he had to go through the front entrance and could not use the employee entrance.  Plaintiff stood his ground and explained that the front entrance was not on an accessible path of travel from the designated accessible parking.  He also explained that the locked entrance at the back of the store was in fact the accessible entrance and that the store was violating the state building codes regarding disabled access.

20.     The manager stated that he did not make any decisions about which entrances were left unlocked during business hours but that he would bring it up to the business owners.  Plaintiff gave the manager his business card in case Defendants wanted to discuss resolving the barriers to access with Plaintiff.  The manager allowed Plaintiff to go through the employee work area one more time to get to the counter and then to exit when he was finished with his transaction, but they would not allow him to "keep coming in and out of the area."  Plaintiff did not hear anything from Defendants regarding the access barriers he complained of during his visit prior to this lawsuit.  This lawsuit is a result of the barriers Plaintiff encountered and Defendants' failure to respond to Plaintiff's prelitigation attempts to settle the matter without litigation.

21.     The exchange with Defendants' employee and manager was very upsetting for Plaintiff.  He was physically blocked from entering the customer service area, and he felt ganged up on by the manager and employee.

22.     After waiting in line for a few minutes, Plaintiff handed the manager the push rims and explained the work he would like done. Plaintiff then left the shop through the employee work area. As he left, Plaintiff was already dreading having to return to the business to pick up he wheels and encountering the same barriers to access as he had on this visit.

23.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.

9

1    2011).  All of these barriers to access render the premises inaccessible to physically disabled

2    persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter

3    when he returns to the premises.  All facilities must be brought into compliance with all

4    applicable federal and state code requirements, according to proof.

5          24.    Further, each and every violation of the Americans with Disabilities Act of 1990

6    also constitutes a separate and distinct violation of California Civil Code section 54(c) and

7    54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to

8    California law, including but not limited to Civil Code sections 54.3 and 55.

9          25.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and

10   omissions of Defendants as complained of herein which are continuing on a day-to-day basis and

11   which have the effect of wrongfully excluding Plaintiff and other members of the public who are

12   physically disabled from full and equal access to these public facilities.  Such acts and omissions

13   are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions

14   continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against

15   him on the sole basis that he is a person with disabilities who requires the use of designated

16   accessible parking spaces at places of public accommodation.

17         26.    Plaintiff is deterred from returning to use these facilities, because the lack of

18   access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff

19   is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to

20   and use of these public facilities.  Therefore, Plaintiff cannot return to patronize Mike's Bikes and

21   its facilities and is deterred from further patronage until these facilities are made properly

22   accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Mike's

23   Bikes is one of the closest stores to his home where he can service his wheelchair.  He intends to

24   return and patronize Mike's Bikes once it is made accessible, including its policies of locking the

25   closest entrance to the accessible parking.

26         27.    The acts of Defendants have proximately caused and will continue to cause

27   irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to

28   all inaccessible areas of the premises that he has personally encountered, and, as to all areas

identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

28.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

29.    **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred Plaintiff from returning to patronize Mike's Bikes and will

11

1  continue to cause him damages each day these barriers to access continue to be present.

2        30.  **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

3  Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

4  statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

5  for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

6  seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

7  provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

8  19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities

9  accessible to all disabled members of the public, justifying "public interest" attorney fees,

10  litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure

11  section 1021.5 and other applicable law.

12        WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

13
**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**

14  **SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**

15  **BY CIVIL CODE SECTION 51(f)**

16        31.  Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

17  factual allegations contained in Paragraphs 1 through 30 of this Complaint and incorporates them

18  herein as if separately re-pleaded.

19        32.  At all times relevant to this complaint, California Civil Code section 51 has

20  provided that physically disabled persons are free and equal citizens of the state, regardless of

21  medical condition or disability:

22       All persons within the jurisdiction of this state are free and equal, and no matter
     what their sex, race, color, religion, ancestry, national origin, *disability, or medical*

23       *condition* are entitled to the full and equal accommodations, advantages, facilities,
     privileges, or services in all business establishments of every kind whatsoever.

24

25  Civil Code § 51(b). [Emphasis added.]

26        33.  California Civil Code section 52 provides that the discrimination by Defendants

27  against Plaintiff on the basis of his disability constitutes a violation of the general anti-

28  discrimination provisions of sections 51 and 52.

1    34.    Each of Defendants' discriminatory acts or omissions constitutes a separate and

2    distinct violation of California Civil Code section 52, which provides that:

3        Whoever denies, aids or incites a denial, or makes any discrimination or distinction
         contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the
4        actual damages, and any amount that may be determined by a jury, or a court sitting
         without a jury, up to a maximum of three times the amount of actual damage but in
5        no case less than four thousand dollars ($4,000), and any attorney's fees that may
         be determined by the court in addition thereto, suffered by any person denied the
6        rights provided in Section 51, 51.5, or 51.6.

7    35.    Any violation of the Americans with Disabilities Act of 1990 also constitutes a

8    violation of California Civil Code section 51(f), thus independently justifying an award of

9    damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per

10   Civil Code section 51(f), "A violation of the right of any individual under the Americans with

11   Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

12   36.    The actions and omissions of Defendants as herein alleged constitute a denial of

13   access to and use of the described public facilities by physically disabled persons within the

14   meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'

15   action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code

16   sections 51 and 52, and is responsible for statutory, compensatory and treble damages to Plaintiff,

17   according to proof.

18   37.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

19   Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

20   statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

21   disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

22   seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

23   provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

24   intended to require that Defendants make its facilities and policies accessible to all disabled

25   members of the public, justifying "public interest" attorney fees, litigation expenses and costs

26   pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

27   applicable law.

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

2   stated.

3
                                **THIRD CAUSE OF ACTION:**
                    **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
4                                **42 USC §§ 12101 *et seq***

5   38.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

6   the allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates them

7   herein as if separately re-pleaded.

8   39.     In 1990 the United States Congress made findings that laws were needed to more

9   fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

10  that "historically, society has tended to isolate and segregate individuals with disabilities;" that

11  "such forms of discrimination against individuals with disabilities continue to be a serious and

12  pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

13  are to assure equality of opportunity, full participation, independent living, and economic self-

14  sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary

15  discrimination and prejudice denies people with disabilities the opportunity to compete on an

16  equal basis and to pursue those opportunities for which our free society is justifiably famous..."

17  42 U.S.C. §12101.

18  40.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

19  Act and in the Americans with Disabilities Act of 1990.

20  41.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

21  Congress stated as its purpose:

22  It is the purpose of this Act

23  (1) to provide a clear and comprehensive national mandate for the elimination of
24  discrimination against individuals with disabilities;

25  (2) to provide clear, strong, consistent, enforceable standards addressing discrimination
    against individuals with disabilities;

26  (3) to ensure that the Federal Government plays a central role in enforcing the standards
27  established in this Act on behalf of individuals with disabilities; and

28  (4) to invoke the sweep of congressional authority, including the power to enforce the
    fourteenth amendment and to regulate commerce, in order to address the major areas of

14

1   discrimination faced day-to-day by people with disabilities.

2   42 USC § 12101(b).

3   42.   As part of the ADA, Congress passed "Title III - Public Accommodations and

4   Services Operated by Private Entities" (42 USC § 12181 *et seq.*).   The subject property and

5   facility is one of the "private entities" which are considered "public accommodations" for

6   purposes of this title, which includes but is not limited to any "shopping center, or other sales or

7   rental establishment." 42 USC § 12181(7)(E).

8   43.   The ADA states that "No individual shall be discriminated against on the basis of

9   disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

10  or accommodations of any place of public accommodation by any person who owns, leases, or

11  leases to, or operates a place of public accommodation." 42 U.S.C. § 12182   The specific

12  prohibitions against discrimination include, but are not limited to the following:

13  § 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an

14  individual or class of individuals, on the basis of a disability or disabilities of such individual or

15  class, directly, or through contractual, licensing, or other arrangements, with the opportunity to

16  participate in or benefit from a good, service, facility, privilege, advantage, or accommodation

17  that is not equal to that afforded to other individuals."

18  § 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or

19  procedures when such modifications are necessary to afford such goods, services, facilities,

20  privileges, advantages, or accommodations to individuals with disabilities...;"

21  § 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no

22  individual with a disability is excluded, denied service, segregated, or otherwise treated

23  differently than other individuals because of the absence of auxiliary aids and services...;"

24  § 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that

25  are structural in nature, in existing facilities... where such removal is readily achievable;"

26  § 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause

27  (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges,

28  advantages, or accommodations available through alternative methods if such methods are readily

15

achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

44.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

45.     The ability to safely use parking facilities and walkways is a fundamental necessity of accessing and using Mike's Bikes.  So too is the ability to enter and exit the facilities, and move around the premises unimpeded by barriers to access.  Therefore, the benefits of creating accessible paths of travel does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a Mike's Bikes, such as the costs of as ensuring fire safety.  It is thus readily achievable to remove these barriers.

46.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

47.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by

16

deterring Plaintiff from patronizing Mike's Bikes and discriminated and continues to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

48.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff ERICK MICKITEN is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

49.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff ERICK MICKITEN is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Mike's Bikes, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff ERICK MICKITEN prays for judgment and the following specific relief against Defendants:

1.      Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminasry and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.      Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest pursuant to Civil Code section 3291; and

6.      Grant such other and further relief as this Court may deem just and proper.

//

//

18

Date: February 25, 2022                REIN & CLEFTON

                                         _/s/ Aaron Clefton_
                                       By AARON CLEFTON, Esq.
                                       Attorney for Plaintiff
                                       ERICK MICKITEN

# JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.


Date: February 25, 2022                REIN & CLEFTON

                                         _/s/ Aaron Clefton_
                                       By AARON CLEFTON, Esq.
                                       Attorney for Plaintiff
                                       ERICK MICKITEN

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES